UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEBRA LEMOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA and MORTGAGE ) <br> LENDERS NETWORK USA, Inc. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 15-12884-LTS |

MEMORANDUM AND ORDER ON DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS

September 22, 2015

SOROKIN, J.

### I. Introduction

Plaintiff Debra Lemos, brought a pro se action in state court against Defendants Bank of America, N.A. ("Bank of America"), and Mortgage Lenders Network USA, Inc ("Mortgage Lenders"), stemming from a mortgage she executed with Mortgage Lenders in 2005. Doc No. 4-1. Bank of America removed the case to this Court, Doc. No. 4, and subsequently filed a Motion to Dismiss for Failure to State a Claim. Doc No. 9. Lemos moved for an Extension of Time to File Response/Reply as to the Motion to Dismiss for Failure to State a Claim, seeking a new deadline of August 31st. Doc. No. 11. The Court granted her request in part, giving her until August 29th. Doc. No. 13. To date, Lemos has filed no response.

### II. Alleged Facts

As the Court deals with a Motion to Dismiss, it draws this factual recitation primarily from Lemos's Complaint. See Gonzalez-Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 116 (1st Cir. 2012). Lemos alleges that she entered into a loan agreement with the defendants. Doc. No. 14-1. As Bank of America illuminates in its Memorandum of Law in Support of Its Motion, Doc. No. 10, on October 28, 2005, Lemos signed a promissory note for $110,000 with Mortgage Lenders, Doc. No. 10-1, and granted a mortgage to Mortgage Electronic Registration Systems, Inc., ("MERS"), a nominee of Mortgage Lenders, and its successors and assignees. Doc No. 10-2. Lemos initialed the document 14 times, once per page, and signed her full signature once. Id. MERS then assigned the mortgage to Bank of America on February 21, 2014, Doc. No. 10-3, and Bank of America then assigned the Mortgage to the Federal National Mortgage Association. Doc. No. 10-4. [1]

### III.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc.,

---

[1] The Court may consider the Note, Mortgage, and Assignments at the Motion to Dismiss stage since it is "integral to or explicitly relied upon in the complaint." Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000); see also Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 357 n. 6 (D. Mass. 2008) ("The complaint refers to the [contract], and plaintiff expressly relies on this contract in asserting her claims. Accordingly, the Court may consider the contract without converting the defendants' motion to dismiss into a motion for summary judgment.").

708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

While the Court typically "may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment," Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F. 3d 30, 33 (1st Cir. 2001),  there is an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3.

Because Lemos is proceeding pro se, this Court construes her filings liberally.  See Rodi v. S. New England Sch. of Law (1st Cir. 2004) ("[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading.").  Even so, "pro se status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**IV.     Discussion**

Lemos brings two claims for relief against Bank of America.  Count I seeks a declaratory judgment that "the mortgage is not valid as it was crossed off." Doc. No. 14-1 at 6.  Count II argues that Bank of America has been "enriched by a defective mortgage to which there is not

valid valid [sic] contract." Id. at 7.[2]  Although Lemos has not opposed this motion, the Court addressed the merits of each claim, as "the mere fact that a motion to dismiss is unopposed does not relieve [this Court] of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003).

A) Declaratory Relief

In Count I, Lemos seeks a declaratory judgment that her "signature on the mortgage is not valid as it was crossed off," and that her signature "on the Mortgage was notarized as being crossed off," meaning "no valid agreement obligating [her] to pay the mortgage exists." Doc. No. 14-1 at 6.

The First Circuit has observed that the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, "is designed to enable litigants to clarify legal rights and obligations before acting upon them." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995). The Court "retain[s] substantial discretion in deciding whether to grant declaratory relief." Id. The DJA only authorizes courts to issue declaratory judgments "in a case of actual controversy." Id.

The gravamen of Lemos's Complaint is that a mark through her signature on the mortgage signaled that she no longer desired to be bound by the mortgage, rendering it an invalid document. See Doc. No. 10-12 at 15. This bare allegation does not suffice to survive Bank of America's motion. Taking all facts pled as true, Lemos merely established that there is a line through her signature. Nowhere in Lemos's Complaint has she pled facts indicating an intent to

---

[2] The text of the Complaint actually reads "The Plaintiff was enriched by a defective mortgage to which there is not valid valid [sic] contract." The Court construes Lemos's mention of the "Plaintiff" as the enriched party as an error, and that the intention was to characterize Bank of America as the enriched party.

no longer be bound by the mortgage.  For example, she has not pled that she did not receive the principal from the note, did not pay down the Note for some time until she defaulted, and did not actually sign the note and the mortgage.  The mortgage itself indicates fourteen initials (one per page) and one full signature, and she never crossed off any of the fourteen initials (let alone her signature on the note).  She also acknowledges that somebody notarized the mortgage, although she claims this was to show that she crossed off her signature, a purpose that is simply implausible.  In light of these facts, the motion is ALLOWED for this Count.

    B)       Unjust Enrichment

Count II claims that Lemos's defective mortgage unjustly enriched Bank of America.  Doc. No. 14-1 at 7.  The First Circuit has interpreted Massachusetts law as requiring that a plaintiff prove: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value."  <u>Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.</u>, 552 F.3d 47, 57 (citing 26 Samuel Williston & Richard A. Lord, <u>A Treatise on the Law of Contracts</u> § 68:5 (4th ed. 1993)).  Since, for the reasons explained above, Lemos' mortgage was valid, Bank of America accrued no unjust benefit from the mortgage.  Therefore, the Court allows the motion for this claim.

**V.**      **Conclusion**

For the reasons stated above, Bank of America's Motion to Dismiss, Doc. No. 9, is ALLOWED.

                                        SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        United States District Judge